# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60046
Summary Calendar

Amon Rweyemam Mtaza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 156 435

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Amon Rweyemam Mtaza, a native and citizen of Tanzania, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an immigration judge (IJ) of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application for relief under the Convention Against Torture (CAT). He does not challenge the conclusions that he was statutorily ineligible for asylum and for withholding of removal. Although Mtaza argues that the BIA violated his due process rights by failing to consider whether he alleged a viable particular social group, that he established he would be harmed on account of his political opinion, that non-life-threatening violence may constitute persecution, and that the Tanzanian government engaged in a pattern and practice of persecution, he did not present these allegations to the BIA, and we lack jurisdiction to consider the issues. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

We review the BIA's decision for substantial evidence, and we consider the IJ's decision to the extent that it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Contrary to Mtaza's assertion, the agency applied the correct standard to his CAT claims. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA and IJ considered all four of Mtaza's interactions with Tanzanian police and secret service officials between 1998 and 2004 and expressly stated that Mtaza's claims for relief were based on allegations of torture committed by these arms of the government rather than by third parties with the acquiescence of governmental officials. Although Mtaza contends that BIA and IJ failed to consider the evidence he presented regarding the potential harms suffered by opponents of the ruling party in Tanzania, the agency specifically referenced the evidence. *Cf. Arulnanthy v. Garland*, 17 F.4th 586, 591-92 (5th Cir. 2021) (stating that the agency must consider country conditions evidence in evaluating a CAT claim). Although the IJ and BIA did not explicitly reference each piece of evidence presented by Mtaza, the agency is not required to "address evidentiary minutiae or write any lengthy exegesis" as long as the opinion reflects "meaningful

consideration of the relevant substantial evidence supporting the alien's claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

Mtaza maintains that he has established that it is more likely than not that he will be tortured if he returns to Tanzania, given his credible and corroborated testimony of his past altercations with security and police, his assertions that he would be tortured if he returned to Tanzania, and his country conditions evidence. However, the BIA's denial of relief was "substantially reasonable" in light of the evidence and testimony presented. *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009) (internal quotation marks and citation omitted). Mtaza has not shown that the evidence compels a different conclusion. *See Zhang*, 432 F.3d at 344. Accordingly, his petition for review is DISMISSED in part and DENIED in part. Mtaza's motion for appointment of counsel is DENIED as moot.